UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| KAREN MOU, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SSC SAN JOSE OPERATING COMPANY LP, et al.,<br><br>Defendants. | Case No. 5:18-cv-01911-EJD<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION TO REMAND**<br><br>Re: Dkt. No. 18 |
|---|---|

Presently before the court is Plaintiffs' Motion to Remand, which Defendants oppose. Dkt. No. 18. Having reviewed the parties' written submissions, the court finds this matter suitable for decision without oral argument. Civ. L.R. 7-1(b). Accordingly, the hearing scheduled for July 5, 2018, is VACATED, and the court finds, concludes and orders as follows:

1. Removal jurisdiction is a creation of statute. See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979) ("The removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress."). In general, only those state court actions that could have been originally filed in federal court may be removed. 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant."); see also Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by defendant."). Accordingly, the removal statute provides two basic ways in which a state court action may be removed to federal court: (1) the case presents a federal question, or (2) the case is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1441(a), (b).

2. On a motion to remand, it is the removing defendant's burden to establish federal jurisdiction, and the court must strictly construe removal statutes against removal jurisdiction.

Case No.: 5:18-cv-01911-EJD
ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION TO REMAND
1

Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."); Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010). "Where doubt regarding the right to removal exists, a case should be remanded to state court." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003); accord 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

3. Plaintiffs bring facial attack to the Notice of Removal. "A 'facial' attack accepts the truth of the [removing party's] allegations but asserts that they 'are insufficient on their face to invoke federal jurisdiction.'" Leite v. Crane Co., 749 F.3d 1117, 1121 (9th Cir. 2014) (quoting Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004)). Functionally, the court determines whether the jurisdictional allegations are sufficient as a legal matter by assuming the asserted facts are true and drawing all reasonable inference in the removing party's favor. Id.

4. The Notice of Removal does not survive a facial attack. The allegations in support of diversity jurisdiction are plainly deficient. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001) ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."); DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n.3 (2006) (Because "federal courts lack jurisdiction unless the contrary appears affirmatively from the record, the party asserting federal jurisdiction when it is challenged has the burden of establishing it."). Missing is information identifying Defendants' members and their principal places of business. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[A]n LLC is a citizen of every state of which its owners/members are citizens."). Without this information included in the Notice of Removal, the court cannot be assured that diversity jurisdiction exists in response to this motion.

5. Nor have Defendants established federal question jurisdiction. None of Plaintiffs' causes of action are created by federal law. See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005) (explaining that federal question jurisdiction "is invoked by and

Case No.: 5:18-cv-01911-EJD
ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION TO REMAND
2

large by plaintiffs pleading a cause of action created by federal law"). And neither fits within the "special and small category" of claims embraced by Grable. Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 699 (2006). Indeed, determining whether or not Defendants violated provisions of 42 U.S.C. § 1395i-3 or 42 C.F.R. § 483.10 does not "justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers." Grable, 545 U.S. at 313.

6. The Notice of Removal does not, on its face, satisfy Defendants' burden to affirmatively show a basis for federal jurisdiction. Nonetheless, the court believes a remand at this time is inefficient and could merely lead to another removal. This is so because diversity jurisdiction may exist in light of additional information not previously alleged but included in Defendants' opposition. Thus, while not condoning the practice of removing civil cases on obviously-deficient allegations and making up for them later, the court finds it appropriate to permit Defendants leave to amend the Notice of Removal to correct their jurisdictional statements. See 28 U.S.C. § 1653; see also Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 831 (1989) (holding that § 1653 addresses "incorrect statements about jurisdiction that actually exists").

Accordingly, Defendants shall file an amended Notice of Removal which conforms to the above discussion no later than **July 6, 2018**. The Motion to Remand (Dkt. No. 18) is DENIED WITHOUT PREJUDICE.

Defendants are advised the court will remand this action, sua sponte, if an amended Notice of Removal is not filed by the established deadline. Any renewed Motion to Remand challenging an amended Notice of Removal shall be filed no later than **July 19, 2018**, and noticed for hearing at **9:00 a.m. on August 23, 2018.**

**IT IS SO ORDERED.**

Dated: June 29, 2018

EDWARD J. DAVILA
United States District Judge

Case No.: 5:18-cv-01911-EJD
ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION TO REMAND
3