Scott J. Kiepen (State Bar No. 175504)
Katrina A. Pagonis (State Bar No. 262890)
**HOOPER LUNDY & BOOKMAN, P.C.**
101 Montgomery Street, 11th Floor
San Francisco, CA 94104
Telephone: (415) 875-8500
Facsimile: (415) 986-2157
Email: SKiepen@health-law.com
Email: KPagonis@health-law.com

Mark A. Johnson (State Bar No. 191610)
Stanton J. Stock (State Bar No. 279179)
**HOOPER LUNDY & BOOKMAN, P.C.**
101 West Broadway St., Ste. 1200
San Diego, CA 92101
Telephone: (619) 744-7300
Email: mjohnson@health-law.com
Email: sstock@health-law.com

Attorneys for Defendants

Matthew Borden, Esq. (SBN: 214323)
J. Noah Hagey, Esq. (SBN: 262331)
Athul K. Acharya (SBN: 315923)
BRAUNHAGEY & BORDEN LLP
351 California Street, Tenth Floor
San Francisco, CA 94104
Telephone: (415) 599-0210
Facsimile: (415) 276-1808
Email: borden@braunhagey.com
Email: hagey@braunhagey.com
Email: acharya@braunhagey.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN MOU, on behalf of herself and those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SSC San Jose Operating Company LP, et al.,<br><br>Defendants. | Case No. 18-cv-01911-EJD<br><br>Hon. Edward J. Davila<br><br>**JOINT STATEMENT IN RESPONSE TO ORDER TO SHOW CAUSE**;<br>ORDER ON STIPULATED INJUNCTION |

The Parties hereby respectfully submit this Joint Statement in response to the Court's Order to Show Cause (Dkt. 113.) The Parties have reached a final settlement and obtained the consent of all necessary third parties. In accordance with the Parties' settlement agreement, the Parties jointly request that the Court enter the stipulated injunction attached to this Statement as Exhibit 1 and maintain jurisdiction of the stipulated injunction until its expiration. Per the terms of the Parties' settlement agreement, the stipulated injunction will become effective 90 days from the effective date of this settlement, unless the Parties agree to a later date with the approval of the Court. Thus, Parties request that the Court not dismiss this case and instead enter the stipulated injunction to which the Parties have agreed.

Dated: July 15, 2020　　　　　　　　　　HOOPER LUNDY & BOOKMAN, P.C.

By: */s/ Scott J. Kiepen*
　　　SCOTT J. KIEPEN
　　　KATRINIA A. PAGONIS
　　　MARK A. JOHNSON
　　　STANTON J. STOCK
Attorneys for Defendants

Dated: July 15, 2020　　　　　　　　　　BRAUNHAGEY & BORDEN LLP

By: */s/ Matthew Borden*
　　　MATTHEW BORDEN
Attorneys for Plaintiff Karen Mou and those similarly situated

**FILER'S ATTESTATION**

I attest under penalty of perjury that concurrence in the filing of this document has been obtained from counsel for Defendants.

Dated: July 15, 2020　　　　By: */s/ Matthew Borden*
　　　　　　　　　　　　　　　　MATTHEW BORDEN

This injunction ("Injunction") has been entered into voluntarily, without any admission of fault, in furtherance of providers' compliance with 42 U.S.C. 1396r(c)(2), the implementing regulation 42 C.F.R. § 483.15, and all other applicable state and federal laws.[1]

Defendants SSC San Jose Operating Company LP, dba Courtyard Care Center ("Courtyard Care"), SSC Pittsburg Operating Company LP, dba Diamond Ridge Healthcare Center ("Diamond Ridge"), SSC Oakland Excell Operating Company LP, dba Excell Health Care Center ("Excell"), SSC Newport Beach Operating Company LP, dba Flagship Healthcare Center ("Flagship"), SSC Carmichael Operating Company LP, dba Mission Carmichael Healthcare Center ("Mission Carmichael"), SSC Tarzana Operating Company LP, dba Tarzana Health and Rehabilitation Center ("Tarzana Health") and their employees and agents (collectively, "the Facilities", and each a "Facility") are enjoined as follows:

(1) **<u>Discharge Notices</u>**.  For Facility-initiated discharges, a Facility shall not transfer or discharge any resident without providing a timely written notice ("Notice") to the resident and to an immediate family member or legal representative as specified in 42 U.S.C. § 1396r(c)(2)(B)(iii) and 42 C.F.R. § 483.15(c)(4).  The Notice shall meet the content requirements of 42 U.S.C. § 1396r(c)(2)(B)(iii) and 42 C.F.R. § 483.15(c)(5).  The Facility shall send a copy of the Notice to a representative of the Office of the Long-Term Care Ombudsman ("Ombudsman") or notice in a form or manner requested by the Ombudsman.  For resident-initiated discharges, after ninety (90) days from the date the Injunction is entered, the Facility shall not transfer or discharge any resident without providing a notice substantially in the form attached to this Injunction.  Any changes to the attached notice other than letterhead, typeface, and formatting shall be submitted to BraunHagey & Borden LLP.

---

[1] To the extent Defendants are unable to comply with any provision in the Injunction because the provision conflicts with any applicable law or regulation as such law or regulation may be amended or clarified by the Centers for Medicare and Medicaid Services ("CMS"), said law or regulation shall control.  In the event that the United States Department of Health and Human Services issues any waivers or flexibilities in light of the novel coronavirus 2019 (COVID-19) pandemic that conflict with any terms in this Injunction, such waivers or flexibilities shall control.  In such event, Defendants shall notify Plaintiff's counsel.

(2) **Documentation**. If a Facility decides to transfer or discharge a resident, the Facility shall ensure that the basis for a resident's transfer or discharge is documented in the resident's medical records by the physician specified in 42 U.S.C. § 1396r(c)(2)(A) and 42 C.F.R. § 483.15(c)(2).

(3) **Orientation for Discharge**. Prior to discharging a resident, the Facility shall provide and document sufficient preparation and orientation to the resident to ensure safe and orderly transfer or discharge from the Facility in accordance with 42 U.S.C. § 1396r(c)(2)(C) and 42 C.F.R. § 483.15(c)(7). This orientation must be provided in a form and manner that the resident can understand in accordance with 42 C.F.R. § 483.15(c)(7).

(4) **Refusal to Readmit**. If a Facility determines that a resident who was transferred with an expectation of returning to the Facility cannot return to the Facility, the Facility must comply with the requirements of paragraphs (1) through (2) of this Injunction in accordance with 42 C.F.R. § 483.15(e)(1)(ii).

(5) **Attestation**. For a period of two years following the date the Injunction is entered, each Facility shall provide to BraunHagey & Borden LLP on a quarterly basis an attestation reflecting such Facility's compliance with the requirements of paragraphs (1) through (4) of this Injunction during the calendar month immediately preceding the date of the attestation. Such attestation shall be signed by the General Counsel's office or the Compliance Office of SavaSeniorCare Administrative Services, LLC.

(6) **Savings**. Nothing in this Injunction shall relieve the Facilities from their obligation to comply with all the substantive and procedural requirements of 42 U.S.C. § 1396r(c)(2) and 42 C.F.R § 483.15.

(7) **Term of Injunction**. This Injunction shall remain in effect for a period of two (2) years from the date it is issued. If the Court finds that any Facility has failed to substantially comply with this Injunction, the Injunction shall be extended with respect to such Facility by another three (3) months and the Court may name an external monitor selected from a list of potential monitors provided by the Facility and Plaintiff. Prior to filing a motion to enforce the Injunction, Plaintiff shall provide fifteen (15) days' notice, during which time the parties shall meet

and confer and use their best efforts to resolve any dispute.  Should Plaintiff prevail on a motion to enforce the Injunction, they will be entitled to their reasonable attorney's fees in bringing the motion.

**IT IS SO ORDERED**.

Dated:  July 15,      , 2020

_____
Honorable Edward J. Davila

5934605.2

# Notice of Resident-Initiated Discharge

_____ has elected to be discharged on _____
(Name of Resident)                                                                   (Anticipated Date of Discharge)
to [ADDRESS]_____.


1. You have voluntarily elected to leave the Facility.  If you believe the Facility has made a mistake in determining that you have voluntarily elected to leave the Facility, please notify the Facility's Director of Social Services immediately at the following number: [NAME, PHONE #], or your local Ombudsman, as discussed below.

2. Please be aware that the Facility may not involuntarily transfer or discharge you except in particular circumstances and by following particular processes.  You have the right to appeal the Facility's decision to discharge you and you have the right to remain living at the Facility until the appeal is completed.  To appeal the Facility's decision to discharge you, contact the Office of Administrative Hearings and Appeals at 3831 N. Freeway Blvd., Suite 200, Sacramento, CA 95834.  You may request a copy of the California Resident Bill of Rights from the Facility and discuss your situation with the State Long-Term Care Ombudsman, who can help explain your rights.  The Ombudsman may be contacted at [PHONE #, EMAIL, ADDRESS].

3. If the resident is developmentally disabled or mentally ill, you may request assistance from:  Executive Director, Disability Rights California, 100 Howe Avenue, Suite 185N, Sacramento, CA  95825, (916) 488-9950.

If in the future your medical needs necessitate care at the Facility and you meet our admission requirements, we would welcome the opportunity to provide you care again.

Facility Representative Signature_____        Date: _____